IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THELMA P. WILLIS, | * | |
| Plaintiff | * | |
| v. | * | Case No.: AMD-02-CV3802 |
| KERI L. DOUGHERTY, et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER OF DEFENDANTS KEVIN P. DOUGHERTY AND GEORGIANA DOUGHERTY

Kevin Dougherty and Georgiana Dougherty, Defendants, by their attorneys, Allison L. Silvain and Church Loker & Silver, P.A., in answer to Plaintiff's Complaint filed herein against them, states as follows:

1. In response to Plaintiff's Paragraph Number 1, these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

2. In response to Paragraph 2 of the Complaint, these Defendants admit their residence of West Chester County, Pennsylvania. Defendants deny that Defendant Keri Dougherty was an agent of Defendants Kevin and Georgiana Dougherty and was acting on their behalf and benefit at the time of the accident. Defendants Kevin and Georgina Dougherty admit that Keri Dougherty is their daughter.

3. In response to Paragraph 3 of the Complaint, these Defendants admit the allegations contained in Paragraph 3.

4. These Defendants admit the allegations in Paragraph 4 of the Complaint.

5. These Defendants deny the allegations of Paragraph 5 of the Complaint. These Defendants also deny allegations of Paragraph 5 (a) – (d) of the Complaint.

6. These Defendants deny the allegations of Paragraph 6 of the Complaint.

7. These Defendants deny the allegations of Paragraph 7 of the Complaint.

8. These Defendants deny the allegations of Paragraph 8 of the Complaint.

## FIRST DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

These Defendants generally deny liability and every averment (sp) under each count of the Plaintiff's Complaint.

## THIRD DEFENSE

The Plaintiff's purported causes of action against these Defendants are barred by the applicable statute of limitations.

## FOURTH DEFENSE

The Plaintiff's purported causes of action against these Defendants are barred by the applicable statutes of repose.

## FIFTH DEFENSE

Recovery by the Plaintiff is barred because of the contributory negligence, or the comparative fault, or both, of the Plaintiff.

## SIXTH DEFENSE

Recovery by the Plaintiff is barred because of the assumption of the risk of the Plaintiff.

## SEVENTH DEFENSE

These Defendants are entitled to an equitable credit toward any judgment that might be rendered against it for any workman's compensation payment or awards that might have been made with respect to the alleged injuries or damages.

## EIGHTH DEFENSE

Recovery by the Plaintiff is barred in whole or in part by the doctrine of latches.

## NINTH DEFENSE

If the Plaintiff incurred the injuries alleged in this Complaint or suffered deterioration in her medical condition or otherwise suffered damage, such

disease or deterioration or damage did not result from any actions from these Defendants, but such disease or deterioration or damage, if any, was caused in whole or in part, was contributed to, by the acts or omissions of persons other than these Defendants, for which acts or omissions these Defendants are not liable.

## TENTH DEFENSE

Assuming negligence on the part of these Defendants, such negligence is not the proximate cause of these injuries, rather Plaintiff's injuries are the result of superceding or intervening causes.

## ELEVENTH DEFENSE

Recovery for Plaintiff's alleged damages are limited by the applicable statutory ceilings on recoverable damages.

WHEREFORE, these Defendants pray that the Complaint filed herein against them be dismissed with cause.

Respectfully Submitted,

/s/Allison L.Silvain
Allison L. Silvain
Federal Bar No.: 25178
CHURCH LOKER & SILVER, PA
2 North Charles Street - Suite 600
Baltimore, MD  21201
(410)539-3900

Attorneys for the Defendants,
Kevin and Georgiana  Dougherty

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of April, 2003, a copy of the forgoing Answer to Complaint was electronically filed or mailed, first class postage prepaid, to attorney Samuel H. Paavola, Esquire, Paavola & Paavola, PA, One Willow Street, Annapolis, Maryland, 21401.

                                                /s/ Allison L. Silvain
                                                Allison L. Silvain